**UNITED STATES of America**

v.

**Shaheed WOOD, Appellant.**

No. 07–3741.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third circuit LAR 34.1(a) Sept. 8, 2008.

Opinion filed: Oct. 2, 2008.

Jose R. Arteaga, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Mark S. Greenberg, Esq., Lacheen, Dixon, Wittles & Greenberg, Philadelphia, PA, for Appellant.

Before: SCIRICA, McKEE and SMITH, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Shaheed Wood appeals a sentence that was imposed following his conviction for conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) and aiding and abetting interference with interstate commerce as well as using and carrying a firearm during, and in relation to, a crime of violence in violation of 18 U.S.C. § 924(c). For the reasons that follow, we will affirm the judgment of sentence.

We previously set forth the factual background of this appeal when we affirmed the judgment of conviction on Wood's direct appeal. *See U.S. v. Shaheed Wood,* 486 F.3d 781 (3d Cir.2007). Although we affirmed the conviction, we reversed the upward adjustment the court had imposed pursuant to U.S.S.G. § 3A1.2, and we remanded to the trial court for a determination of whether Wood's juvenile adjudications resulted in "a juvenile sentence to confinement of at least 60 days," pursuant to U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(d)(2)(A).

Wood now challenges the sentence imposed on remand arguing that the privileges and opportunities he was afforded while confined at the juvenile facilities he was sentenced to were such that he did not serve a "juvenile confinement" under the sentencing guidelines. However, despite the fact that Woods was afforded such liberties as home visits and participation in educational programs, we do not accept his contention that his juvenile sentences fall short of the level of restriction required for "confinement" under the Guidelines. The rehabilitative nature of his stay at those juvenile institutions does not negate the reality that he was nevertheless sentenced to "confinement" for a period in excess of sixty (60) days and that those sentences constitute "juvenile confine-

ment" pursuant to U.S.S.G. 4A1.2(d)(2)(A). *United States v. Davis,* 929 F.2d 930 (3d Cir.1991), *See* also *United States v. Williams,* 291 F.3d 1180, 1194 (9th Cir. 2002) (collecting cases). Accordingly, we will affirm the judgment of sentence.